FILED

MAY 20 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED

MAY 20 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| PAUL ALVIN HOLMES, | ) |
| Plaintiff | ) |
| v. | ) CV NO. 97-HM-0779-NW |
| GOLDEN POULTRY COMPANY, INC. and GOLD KIST INC., | ) |
| Defendants | ) |

### MEMORANDUM OPINION

The above-entitled civil action is currently before this Court on the Motion to Remand filed herein by Plaintiff Paul Alvin Holmes on April 14, 1997. Plaintiff's Motion seeks to have this Court remand this civil action to this Circuit Court of Franklin County, Alabama from whence it was removed. For the reasons hereinafter stated, this Court finds that Plaintiff's Motion to Remand is due to be granted.

#### FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 1997 Plaintiff filed his two-count complaint against Defendants Golden Poultry Company, Inc. [hereinafter "Golden Poultry"] and Gold Kist Inc. [hereinafter "Gold Kist"] in the above-entitled civil action in the Circuit Court of Franklin County, Alabama. Count I of this complaint stated an Alabama state law claim for Workers' Compensation benefits under Alabama's Workers' Compensation Act. See Ala. Code § 25-5-1 et seq. Count II stated an Alabama state law claim for wrongful discharge, alleging that Plaintiff was fired for not performing his work as well as he had

before his alleged on-the-job injury. Plaintiff seeks unspecified damages for Count I and $5,000,000.00 in damages for Count II.

Under date of March 31, 1997 Defendant Golden Poultry filed its Notice of Removal in this United States District Court. Defendant Golden Poultry alleges that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) [diversity of citizenship and amount in controversy]. Clearly there is more than $75,000.00 in controversy since Plaintiff has demanded $5,000,000.00 in damages in Count II alone. Defendant Golden Poultry further asserts that Plaintiff is a citizen of the State of Alabama and that it is a Georgia corporation whose principal place of business is also in Georgia. Thus diversity of citizenship exists between Defendant Golden Poultry and Plaintiff. With respect to Defendant Gold Kist, however, Defendant Golden Poultry alleges that Plaintiff has never effected service of process on Gold Kist and that since Defendant Gold Kist is not "properly joined and served," they need not join in this removal nor be considered for diversity jurisdiction purposes. See 28 U.S.C. § 1441(b).

Under date of April 14, 1997 Plaintiff filed the currently pending Motion to Dismiss. In support of this Motion, Plaintiff alleges that Count I (the Workers' Compensation claim) is improvidently removed and is due to be remanded. With respect to Count II, Plaintiff alleges that the wrongful discharge claim is so inextricably intertwined with the Workers' Compensation claim that it was due to be remanded along with Count I.

## DISCUSSION

Initially, this Court notes that in Defendant Golden Poultry's Notice of Removal, Defendant treats Count II of Plaintiff's Complaint as a retaliatory discharge claim pursuant to Section 25-5-11.1 of the *Code of Alabama*. That section allows workers who are discharged for filing a claim for workers' compensation benefits or a notice of a safety violation to maintain a civil action for that retaliatory discharge. Count II of Plaintiff's Complaint alleges that he was fired for working at a less productive pace than before his accident. Thus, this does not seem to fit within Section 25-5-11.1's concept of retaliatory discharge.

Nevertheless, this action is still due to be remanded for two different reasons. First, this Court has refused to hold and continues to refuse to hold that 28 U.S.C. § 1441(b) does not change the Supreme Court's holding in *Jenkins v. Pullman Co.*, 305 U.S. 534, 541 (1939), that in diversity actions the district courts must consider the citizenship of all parties, regardless of service. *See Everett v. MTD Products, Inc.* 947 F. Supp. 441 (N.D. Ala. 1996)(Haltom, J.). As this Court has explained before, § 1441(b) is merely a restriction on removal where the defendant attempting removal is a citizen of the forum state. *See Everett*, 947 F. Supp. at 444. Defendant Golden Poultry has absolutely failed to make any allegations regarding Gold Kist's citizenship for purposes of 28 U.S.C. § 1332(a). Furthermore, Gold Kist has failed to join or otherwise consent to the removal of this civil action to this United States District Court. Therefore, this civil action is

3

due to be remanded to the Franklin County Circuit Court, from whence it was removed for lack of subject matter jurisdiction.

Additionally and alternatively, this Court finds that it lacks subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1445(c), which forbids removal of any claims "arising under the workmen's compensation laws" of any state. Count I is a straightforward claim for workers' compensation benefits. Such claim clearly may not be removed to this Court pursuant to 28 U.S.C. § 1445(c) which states:

> (c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

Thus Count I is clearly due to be remanded.

With respect to Count II, which is either a retaliatory discharge or wrongful discharge claim, a brief explanation is warranted. Assuming Count II to be a retaliatory discharge claim, despite the existence of a disagreement among the judges of this district, this HM judge has come down squarely on the side of those judges who hold that retaliatory discharge actions in Alabama under Section 25-5-11.1 "arise under" the Alabama Workers' Compensation Act for purposes of 28 U.S.C. § 1445(c), the Alabama Supreme Court's opinion in *Jackson County Hosp. Trust v. Alabama Hosp. Trust*, 619 So. 2d 1369 (Ala. 1993) notwithstanding. *See Lackey v. Gateway Homes, Inc.*, 944 F. Supp. 870 (N.D. Ala. 1996)(Haltom, J.)(outlining the split of opinion among the Court's judges).[1]

---

[1] Since publication of that opinion two additional judges, Judge Smith and Judge Guin, have entered opinions agreeing that retaliatory discharge claims are not removable. *See Farrior v.*

4

Plaintiff, having had his case assinged to a judge who holds retaliatory discharge cases to "arise under" the Alabama Workers' Compensation Act, has simply lost at the game of luck of the draw.

In the event that Count II of Plaintiff's state court complaint states a claim for common law wrongful discharge and not for retaliatory discharge pursuant to Section 25-5-11.1, this Court finds that such a claim in the factual context of this civil action also "arises under" the Alabama Workers' Compensation Act and is consequently not removable under the authority of 28 U.S.C. § 1445(c). Accordingly, this Court finds that it lacks subject matter jurisdiction over the above-entitled civil action.

## CONCLUSION

For the reasons stated hereinabove, this Court finds, determines and holds that it lacks subject matter jurisdiction over this civil action. Accordingly, Plaintiff's Motion to Remand is due to be granted and this civil action will be remanded to the Franklin County Circuit Court from whence it was removed.

DONE this 20th day of May, 1997.

_____
E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

*Sodexho, U.S.A.*, CV No. 96-G-3127-S (N.D. Ala. February 7, 1997)(Guin, J.)(unpublished); *Roberts v. Beaulieu of America, Inc.*, 950 F. Supp. 1509 (N.D. Ala. 1996)(Smith, J.).